LYONS, Justice
(concurring in the result).
Because I do not consider the State’s evidence, as set forth below, sufficient to support Stewart’s conviction, I concur in the result.
According to the evidence, Commissioners Bill Greer and Elton Sims had done business with Webster Construction Company, and Maurice Webster had paid each of them a percentage of the profits resulting from that business. Sims testified that Greer, in .his presence, told Stewart that, “he (Greer) always got Mr. Webster and took him out to his projects and let him see what needed to be done and come up with a price.” This testimony, standing alone, is not sufficient to establish any wrongdoing on Stewart’s part. Further, there is nothing in Sims’s account of Greer’s statement to Stewart about Greer’s receiving a kickback after Webster *482 was awarded the contract. Perhaps Greer did not want Stewart to know about his illegal acts.
The only contact involving Webster and Stewart took place after several transactions between Webster and Sims, on the one hand, and Webster and Greer, on the other, had taken place. Sims also testified that Webster told him that the way Webster “dealt with the County” was to set a price and then share any profit over that price with the commissioner who had gotten them the job. What is meant by “the County?” Nothing in Sims’s testimony regarding Webster’s description of the way he did business with the County indicates when Webster made the statements. For all that appears, Webster commented about setting a price and sharing the overage when he did business with “the County” before the lone transaction between Webster and Stewart and thus was referring in that comment to those transactions involving only Commissioners Sims and Greer. In order to affirm Stewart’s conviction, I would have to make the double assumptions (1) that this conversation took place after the lone transaction between Webster and Stewart and (2) that that transaction, like those with Commissioners Sims and Greer, involved a payment by Webster to Stewart. Permitting the jury to make those assumptions was error because this evidence against Stewart did not sufficiently satisfy the State’s burden of proof.
HOUSTON, J., concurs.